**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
KENDRA BROWN,                           :  CIVIL ACTION NO. 11-3123 (MLC)
                                        :
     Plaintiff,                         :        O P I N I O N
                                        :
     v.                                 :
                                        :
U.S. BANK NATIONAL ASSOCIATION,         :
                                        :
     Defendant.                         :
                                        :
```

  **THE PLAINTIFF**, who is pro se, applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.) This Court, based upon the plaintiff's financial situation, will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint, as it is frivolous and fails to state a claim on which relief may be granted.

  **THE PLAINTIFF** brings this action ("Federal Action") pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights in a dispute over a mortgage on her property ("Mortgaged Property"). (See dkt. entry no. 1, Compl.) The Court is able to discern that (1) a foreclosure action concerning the Mortgaged Property was instituted in New Jersey Superior Court ("State

Foreclosure Action"), and (2) a judgment was entered therein. (See id. at 1.)[1]

**THE PLAINTIFF** is attempting to avoid an order in the State Foreclosure Action. The proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

**THE ROOKER-FELDMAN DOCTRINE** prohibits adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders. See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005). This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the State Foreclosure Action. See Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought redress from state court judgment); Ayres-Fountain v. E. Sav. Bank, 153

---

[1] The plaintiff also has brought an action to recover damages for violations of her constitutional rights in a dispute over a mortgage on a different piece of property. See Brown v. U.S. Bank National Association, No. 11-3127 (D.N.J.).

2

Fed.Appx. 91, 92 (3d Cir. 2005) (instructing district court to dismiss complaint concerning state foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal from order that dismissed claims concerning foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same).

**THE FEDERAL ACTION** also is barred by the doctrine of res judicata.² Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit". Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit". Id.

---

² The Court may sua sponte address affirmative defenses when a plaintiff proceeds under Section 1915. Ezekoye v. Ocwen Fed. Bank, 179 Fed.Appx. 111, 114 (3d Cir. 2005).

**ALL OF THE COMPONENTS** of res judicata may be satisfied here, as (1) the state court in the State Foreclosure Action has issued an order or a judgment, which is valid, see Flood v. Braaten, 727 F.2d 303, 308 (3d Cir. 1984) (stating judgment that is final and thus res judicata in one state's courts will be given full faith and credit by all other United States courts), (2) the plaintiff is a party to the State Foreclosure Action, and the defendant in the Federal Action is a party in the State Foreclosure Action, and (3) the claims in the Federal Action arise from the same transactions or occurrences as the claims that were raised, or should have been raised, in the State Foreclosure Action. See Moncrief, 275 Fed.Appx. at 153-54 (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by res judicata); Ezekoye, 179 Fed.Appx. at 113 (dismissing appeal as frivolous — in federal action concerning state foreclosure proceeding — from order dismissing claims that were and could have been raised against bank based on res judicata); Ayres-Fountain, 153 Fed.Appx. at 92 (noting federal claims concerning state foreclosure action would be barred by res judicata); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning state foreclosure action, inter alia, as barred by res judicata).

**THE COURT ALSO NOTES** that the defendant here does not appear to be a state actor, and thus any claims asserting constitutional

4

violations are frivolous.  See Brookhart v. Rohr, 385 Fed.Appx. 67, 68 (3d Cir. 2010) (dismissing appeal from order that dismissed allegations concerning constitutionally violative conduct by private parties in state court foreclosure action because they were not state actors); James v. Heritage Valley Fed. Credit Union, 197 Fed.Appx. 102, 106 (3d Cir. 2006) (stating defendant credit union was not state actor for purposes of 42 U.S.C. § 1983); Awala v. Wachovia Corp., 156 Fed.Appx. 527, 528 (3d Cir. 2005) (stating bank is not state actor merely because it operates within a regulated industry).  42 U.S.C. § 1983 does not cover merely private conduct, no matter how wrongful.  St. Croix v. Etenad, 183 Fed.Appx. 230, 231 (3d Cir. 2006).[3]

---

[3]   The Federal Action would also be barred if the State Foreclosure Action is ongoing.  A federal court must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court.  See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); see also Gray v. Pagano, 287 Fed.Appx. 155, 157-58 (3d Cir. 2008) (dismissing complaint filed in connection to ongoing state foreclosure action, inter alia, as barred by Younger abstention); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting district court order dismissed claims concerning ongoing state foreclosure action as barred by Younger abstention).
      The Federal Action may also be barred by the doctrine of collateral estoppel.  See Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   November 14, 2011